# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY ANN PARSLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02:08-cv-01227 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

July 2, 2009

**I.     Introduction**

Plaintiff, Stacy Ann Parsley, brought this action pursuant to 42 U.S.C. §§ 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her application for supplemental security income ("SSI") under title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383(f).

**II.    Background**

    **A.    Facts**

Plaintiff was born on April 7, 1965, and was thirty-seven years old at the alleged onset of disability. Plaintiff completed eleventh grade prior to discontinuing her formal education and has no full-time past relevant work experience.

Plaintiff alleges disability as of December 1, 2002, due to a psychotic disorder and depression. The record reflects that Plaintiff has not engaged in substantial gainful work activity since June 2, 2004, when she filed for SSI.

B.    **Procedural History**

Plaintiff initially filed an application for SSI on June 2, 2004 in which she claimed total disability since December 1, 2002. An administrative hearing was held on December 13, 2005 before Administrative Law Judge Douglas W. Abruzzo ("ALJ"). Plaintiff was represented by counsel and testified at the hearing. Dr. Morton H. Morris, an impartial vocational expert, also testified at the hearing.

On June 30, 2006, the ALJ rendered a decision unfavorable to Plaintiff in which he found that Plaintiff could perform a range of work at all exertional levels if she discontinued her drug abuse. The ALJ also found that Plaintiff could perform work that exists in significant numbers in the national economy and was therefore not "disabled" within the meaning of the Act. The ALJ's decision became the final decision of the Commissioner on August 8, 2008, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On September 8, 2008, Plaintiff filed a Complaint in this Court in which she seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment. Plaintiff contends that the ALJ's decision is not based on substantial evidence, is not in accordance with the proper legal standards, and is the product of an analytical process that failed to fully and fairly analyze the evidence. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence demonstrating that Plaintiff is able to work when she is not abusing drugs. The Court finds the ALJ's decision

is not supported by substantial evidence, and as such, the case will be remanded for further proceedings consistent with this opinion.

**III.	Legal Analysis**

 **A.	<u>Standard of Review</u>**

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the

Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff's statements concerning the intensity, duration and limiting effects of her symptoms were not entirely credible. (R. at 18). The ALJ ultimately determined that Plaintiff was not disabled within the meaning of the Act because her substance abuse disorder was found to be a contributing factor material to the determination of disability, and that if she stopped the substance abuse, she could perform a significant number of jobs in the national economy. (R. at 20, findings 15, 16).

**B.  Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff first argues that the ALJ erred in determining that statements made by Plaintiff concerning the intensity, duration and limiting effects of her symptoms were not entirely credible. Specifically, Plaintiff argues that the ALJ failed to consider her testimony regarding migraines when making his credibility determination. Plaintiff then argues that the adverse credibility determination negatively impacted the ALJ's findings at all subsequent steps in the five-step sequential evaluation process, particularly at steps two, three and five. Plaintiff further argues that the ALJ improperly rejected the medical source opinion provided by Victor Jabbour, M.D., concerning her mental functioning, which Plaintiff argues had a

further negative impact at step three in the sequential evaluation process and in formation of the hypothetical questions posed to the vocational expert.

The Court has determined that the decision of the ALJ lacked substantial evidence due to his failure to either provide a reason for rejecting Plaintiff's testimony regarding migraines or to address them outright. The Court has also determined that substantial evidence supports the decision of the ALJ to reject certain aspects of Dr. Jabbour's medical source opinion. However, the Court finds that remand is necessary because the credibility determination made by the ALJ failed to consider or properly reject relevant evidence.

*1. Credibility Analysis*

When making credibility determinations, the ALJ is required to consider all of a plaintiff's symptoms and make a determination based on all available evidence, including a plaintiff's subjective reports of pain. 20 C.F.R. § 416.929(a) (2009). The ALJ must give complaints of pain (such as migraines) "serious consideration," and view the plaintiff's testimony "in light of medical and other evidence." *Brown v. Astrue*, No. 07-1132, 2008 U.S. Dist. LEXIS 18963, at *31-*32 (D. N.J. Mar. 12, 2008) (citing *Brown v. Schweiker*, 562 F. Supp. 284, 287 (E.D. Pa. 1983); *Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986)). Once made, credibility determinations by the ALJ are generally given great deference by a reviewing court. *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).

The United States Court of Appeals for the Third Circuit has held that an ALJ may not simply ignore complaints of pain or other disability that he or she believes to be without credibility, but instead is charged with further exploration of such complaints. *Reefer*, 326 F.3d at 381. Moreover, it is error for an ALJ to fail to acknowledge evidence that supports a plaintiff's claim of pain or disability. *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981) (citing

6

*Schaaf v. Matthews*, 574 F.2d 157 (3d Cir. 1978)); *See also Fargnoli v. Halter*, 247 F.3d 34, 40-41 (3d Cir. 2001); *Brown*, 2008 U.S. Dist. LEXIS 18963, at *51 (holding that "the ALJ is still required to consider all the evidence, to offer a basis for any conclusions drawn, and to explain his reasoning for rejecting or discrediting competent evidence."). Therefore, when a plaintiff complains of pain such as migraines, or alleges disability due to some other impairment, the ALJ must either consider such testimony as part of the disability determination in light of available medical evidence, or provide a valid reason for rejecting it.

Both the pain associated with migraine headaches and the resultant difficulties of daily living alleged in Plaintiff's testimony are difficult to establish by way of medical findings. In recognition of the difficulty in assessing the credibility of such claims, courts have maintained that migraine headaches "'do not stem from a physical or chemical abnormality which can be detected by imaging techniques or laboratory tests.'" *Diaz v. Barnhart*, No. 01-CV-0525, 2002 WL 32345945, at *6 (E.D. Pa. Mar. 7, 2002) (citing *Federman v. Chater*, No. 95 Civ. 2892, 1996 U.S. Dist. LEXIS 2893, at *4 (S.D.N.Y. Mar. 11, 1996)). Therefore, an ALJ must be particularly diligent in making credibility determinations with regard to migraines, because laboratory tests cannot prove their existence at this time. *Id.* (citing *Ortega v. Chater*, 933 F. Supp. 1071, 1075 (S.D. Fla. 1996)).

When assessing the credibility of a plaintiff's testimony, courts have established several criteria for determining when migraines should be included in the five-step evaluation process. In *Baker v. Barnhart*, No. 05-4385, 2006 WL 1722414 (E.D. Pa. June 21, 2006), the district court found a plaintiff's migraine claims to be credible where the record included a long history of migraine headaches, physicians made treatment notes regarding migraines, and the plaintiff had received diagnoses of migraines in the past. *Id.* at *3. Favorable credibility

determinations have also been made where a plaintiff received treatment and was prescribed medication for migraines. *See Diaz*, 2002 WL 32345945, at *6; *see also McCormick v. Secretary of Health and Human Services*, 861 F.2d 998, 1000 (6th Cir. 1988) (finding that the plaintiff suffered from migraines despite a normal brain scan); *Brummet v. Barnhart*, No. 1:05-cv-00581, 2006 WL 3248452, at *8 (S.D. Ind. June 13, 2006) (finding that migraines are a severe impairment based on a doctor's notation and prescribed treatment). Ultimately, courts have looked to "symptom patterns" in their efforts to establish plaintiffs' credibility with regard to migraines. *Federman*, 1996 U.S. Dist. LEXIS 2893, at *5-*6 (citations omitted).

Plaintiff's testimony as to the nature of her migraine headaches in the present case indicates a long history of migraines, beginning in her late teens, with headaches occurring two to three times per week, each necessitating that Plaintiff lie down for four to five hours. (R. at 648-49). After a thorough examination of Plaintiff's medical records, the Court finds that her subjective complaints are bolstered by substantial medical evidence of similar treatments and diagnoses to those found in other migraine cases where remand was necessary.

Plaintiff was sent out for consultation due to her migraines on September 9, 2004 at Latrobe Area Hospital, where her diagnoses indicated a history of migraines that at times caused nausea and photophobia. (R. at 194). The Latrobe Area Hospital consultation report further indicates that Plaintiff was referred to a neurologist for treatment of her migraines in the past. (R. at 194). The neurologist had conducted exams in the summer of 2004, took several CT scans of Plaintiff's brain, confirmed the diagnoses of migraines, and noted a long family history of migraines. (R. at 170-73). Although the CT scans were inconclusive, the fact that Plaintiff's complaints about migraines prompted such a test is evidence for their existence, as courts have recognized the difficulty of pinpointing a sign of physical abnormalities from

migraines. *See McCormick*, 861 F.2d at 1000. Plaintiff was also admitted to Westmoreland Regional Hospital complaining of migraines, where she received a diagnosis of chronic headaches in September 2004, and again in June of 2006. (R. at 277-81, 621-23). The evidence to which Plaintiff points is consistent with other cases that have required remand. Given the statements provided in testimony by Plaintiff and the documented medical evidence, the ALJ erred in failing to either consider Plaintiff's complaints of migraines or provide a reason for rejecting such evidence.

The ALJ merely states that: "[a]fter careful consideration of all the evidence, the [ALJ] finds that [Plaintiff] is credible concerning the following symptoms and limitations: The [ALJ] agrees that [Plaintiff] continues to be addicted to pain medications." (R. at 15). No explanation was given by the ALJ for why he refused to acknowledge Plaintiff's testimony regarding migraines, and medically documented diagnoses and treatment of the same. Rather, the ALJ simply launches into a list of Plaintiff's drug-related hospitalizations and fails to acknowledge her migraines, the treatment for which ultimately led to her unfortunate addiction. The ALJ should not have simply disregarded Plaintiff's testimony out of hand, but rather had a duty to either acknowledge Plaintiff's claims or provide a sufficient reason for rejecting such testimony[1]. *See Fargnoli*, 247 F.3d at 40-41; *Brown*, 2008 U.S. Dist. LEXIS 18963, at *51.

---

[1] The Court notes that Plaintiff sets forth an additional credibility argument with regard to fatigue and other symptoms that affect her daily life, however Plaintiff only directs the Court to her own subjective testimony. Although the Court finds little evidence in the record to substantiate Plaintiff's argument, in light of the fact that the case is to be remanded, the ALJ should take the opportunity to address Plaintiff's other subjective claims due to his failure to acknowledge or give reasons for rejecting such subjective complaints. *See Fargnoli*, 247 F.3d at 40-41; *Brown*, 2008 U.S. Dist. LEXIS 18963, at *51.

*2. Dr. Jabbour*

Plaintiff next alleges that the ALJ incorrectly disregarded the Medical Source Statement of Ability to do Work-Related Activities (Mental) provided by her general treating physician, Dr. Jabbour. Plaintiff argues that her diagnosed mental disorders could be classified as listing-level impairments under 20 C.F.R. Part 404, Subpt. P, Appx. 1, if the proper weight were given to Dr. Jabbour's medical opinion, as opposed to the medical opinion provided by a state examining psychologist, Dennis W. Kreinbrook, Ph. D.

In the event that there is conflicting evidence provided to an ALJ, he or she may reject certain medical evidence, provided the ALJ supplies a valid reason for doing so. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)). When weighing medical source evidence, an ALJ is entitled to give more weight to the medical opinion of a specialist. 20 C.F.R. § 416.927(d)(5) (2009). Furthermore, in the absence of "supporting objective evidence, a medical source opinion -- even one opining whether an individual is able to work -- is 'never entitled to controlling weight or special significance.'" *Nunes v. Barnhart*, No. 04-6005, 2006 U.S. Dist. LEXIS 5169, at *14 (E.D. Pa. February 10, 2006) (citing S.S.R. 96-5p; 20 C.F.R. §§ 404.1527, 416.927) (2009). However, the Court notes that regardless of whether or not a physician is a specialist, "*[t]reating physicians*' reports should be accorded great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Plummer*, 186 F.3d at 429 (emphasis added) (citing *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir. 1987); 20 C.F.R. § 404.1527(d)(2)). Thus, when a physician has spent extensive time treating a particular patient, great weight should be given to that physician's opinion.

Presently, the ALJ correctly pointed out that Dr. Jabbour is not a treating psychiatrist, and that he failed to provide adequate treatment notes in order to substantiate his claims regarding Plaintiff's mental capacity. (R. at 19). The ALJ also notes that Dr. Jabbour continued to fuel Plaintiff's drug addiction by continually prescribing Fioricet, Plaintiff's addictive drug of choice. (R. at 19). Furthermore, the Court finds that substantial evidence supports the ALJ's decision to rely on the psychological examination conducted by Dr. Kreinbrook, a specialist, as opposed to Dr. Jabbour, a general practitioner. (R. at 18). All of the observations made by the ALJ tend to discredit Dr. Jabbour's opinion evidence.

Consequently, the ALJ properly explained why he disregarded the testimony provided by Dr. Jabbour in the Medical Source Statement as to Plaintiff's mental capacity. The Court notes that the ALJ must still consider Dr. Jabbour's medical opinion regarding migraines, as Dr. Jabbour was Plaintiff's general treating physician, and he consistently diagnosed and treated her for the headaches. (R. at 490-93). On remand, the ALJ must consider this evidence in evaluating the credibility and extent of Plaintiff's migraines.

### 3. *Plaintiff's Remaining Arguments*

Plaintiff further argues that the ALJ incorrectly found that drug abuse was a material factor in her disability determination, and makes several other arguments challenging the ALJ's determinations at various subsequent steps in the sequential evaluation process, all of which depend on the credibility determination to be made by the ALJ on remand. The credibility determination regarding Plaintiff's migraines is fundamental to these arguments, and as such, the ALJ must consider all of the evidence provided by Plaintiff, including testimony that can be substantiated by medical evidence. *Brown*, 2008 U.S. Dist. LEXIS 18963, at *31-*32. Consequently, in the interest of judicial economy, Plaintiff's remaining arguments are best left

for determination as part of the sequential evaluation process in light of any further evidence as found by the ALJ on remand pursuant to this opinion. *Baker*, 2006 WL 1722414, at *5 n. 2.

**IV.     Conclusion**

When reviewing a decision of the Commissioner to deny SSI, it is not the function of this court to substitute its judgment for that of the Commissioner. The Commissioner's decision in the present case may otherwise be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise. However, in the absence of sufficient indication that the ALJ considered *all* the evidence, including consideration of the Plaintiff's migraine headaches, the Court cannot satisfy its obligation to determine whether or not the Commissioner's decision is supported by substantial evidence. Accordingly this case will be remanded to the Commissioner for further consideration and/or proceedings consistent with this Memorandum Opinion.

An appropriate Order follows.

                                                                McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACEY ANN PARSLEY,           )
                              )
      Plaintiff,            )
                              )
  v.                          )     02:08-cv-01227
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social Security, )
                              )
      Defendant.            )

## ORDER OF COURT

**AND NOW**, this 2nd day of July, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. Plaintiff's objection to the ALJ's treatment of testimony regarding migraine headaches is **SUSTAINED**;

2. The Motion for Summary Judgment filed by Plaintiff, Stacey Ann Parsley, is **GRANTED** insofar as she requests a remand;

3. The Motion for Summary Judgment filed by Defendant, Michael J. Astrue, Commissioner of Social Security is **DENIED**; and

4. This case is **REMANDED** to the Commissioner for further consideration and/or proceedings consistent with the foregoing Memorandum Opinion of the Court.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:         E. David Harr, Esquire
Email: Dharresq@aol.com

Christy Wiegand, Esquire
United States Attorney's Office (PGH)
Email: christy.wiegand@usdoj.gov